Filed 1/25/21  P. v. Johnson CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ORION GARNELL JOHNSON,<br><br>    Defendant and Appellant. | F079350<br><br>(Kern Super. Ct. No. BF149266A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael E. Dellostritto, Judge.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Jennifer Oleska, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P.J., Franson, J. and Meehan, J.

In a previous appeal, we remanded this matter for resentencing in light of Senate Bill No. 1393 (2017–2018 Reg. Sess.). On remand, defendant and appellant Orion Garnell Johnson made a *Romero*[1] motion, which the trial court denied. He contends the court's ruling was error, but we reject his contention.

We remand for recalculation of custody credits but otherwise affirm the judgment.

## FACTS[2]

An amended information filed November 10, 2015, charged defendant with four counts of second degree robbery (counts 1, 2, 4, 8; Pen. Code, § 212.5, subd. (c)),[3] one count of transporting methamphetamine (count 3; Health & Saf. Code, § 11379, subd. (a)), two counts of making criminal threats (count 5, 9; § 422), one count of possessing of methamphetamine for sale (count 6; Health & Saf. Code, § 11378), one count of failing to notify of property damage after a vehicle accident (count 7; Veh. Code, § 20002, subd. (a)); and one count of felony vandalism (count 10; § 594, subd. (b)(1).)

The information also alleged the following enhancements: a deadly weapon enhancement (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)) as to count 6; an enhancement for a prior controlled substance conviction (see Health & Saf. Code, § 11370.2, subd. (c)) as to counts 3 and 6; an onbail enhancement (§ 12022.1) for counts 4 through 6; two onbail enhancements (§ 12022.1) for counts 8 through 10; nine prior serious felony conviction enhancements (§ 667, subd. (a)); two prior prison term enhancements (§ 667.5, subd. (a)) as to counts 1, 2, 4, 5, 8, and 9; nine prior strike

---

[1] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

[2] Because defendant's contentions solely relate to resentencing, both parties declined to brief the underlying facts of defendants' crimes. We agree a recitation of the underlying facts is unnecessary. (See *People v. Brookins* (1989) 215 Cal.App.3d 1297, 1300–1301.)

[3] All further statutory references are to the Penal Code unless otherwise noted.

convictions (§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)); and four prior prison term enhancements (§ 667.5, subd. (b)) as to counts 1 through 6, and 8 through 10.

A jury convicted defendant as charged on counts 1, 2, 4, 5, 7, 8, 9 and10. The jury acquitted defendant on count 6 but convicted him on the lesser included offense of possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a).) The jury was unable to reach a verdict on count 3, which was subsequently dismissed by the prosecution.

The court dismissed the following enhancements: the section 667.5, subdivision (a) enhancements to count 5; one section 667.5, subdivision (a) enhancement to count 9; one section 667, subdivision (a) enhancement to count 9; and all the enhancements to count 6. The court found the remaining enhancements true.

*Probation Report*

The probation report indicated that defendant began drinking alcohol at six years of age and continued drinking until his present arrest. It further indicated that defendant began smoking marijuana when he was nine years old and has continued using it on a regular basis for his entire life. Defendant began using cocaine when he was 14 years old and continued to do so until a prior arrest in 2000. In 2008, defendant began using methamphetamine.

*Clinical Psychologist's Report*

A clinical psychologist stated defendant "may have experienced diminished capacity due to the influence of alcohol and/or drugs." Defendant reported being subjected to sexual abuse. He also reported that his mother said she declined to treat him with Ritalin as a child.

*Sentencing Letter*

A letter submitted by defendant's sibling ahead of sentencing stated their father was mentally and physically abusive and gave defendant drugs when he was three years old. The letter further stated that when defendant "is drug free, he's a hard worker, a

good son, a loving father, a strong brother and friend to others particularly to the marginalized."

*Sentence*

Defendant filed a *Romero* motion, which the trial court denied. The court sentenced defendant to 100 years to life, plus 62 years.

*Original Appeal and Subsequent Proceedings*

In an opinion filed December 3, 2018, this court remanded the matter for resentencing under Senate Bill 1393, but otherwise affirmed the judgment. (*People v. Johnson* (Dec. 3, 2018, F073354) [nonpub opn.].)

On remand, the trial court did exercise its discretion under Senate Bill 1393 to strike all of the enhancements previously imposed under sections 667, subdivision (a) and 667.5, subdivisions (a) and (b).

At resentencing, defense counsel made an oral *Romero* motion, which the court denied, stating:

> "And, again, I'm not going to exercise my discretion to dismiss any of the prior strikes essentially for the reasons stated the last time – the previous time that he was sentenced. I mean, there are nine strikes between a period from 1997 to 2001. He's released from prison and paroled in January of 2000 from his robbery. And then within six months or so, five months apparently is when the series of robberies occur which are eight in total and he continued into – for about a year's period of time and I don't know the facts of the robberies other than they are bank robberies are in parenthesis. There's – there is an armed bank robbery, use of a firearm and there were no weapons used in our cases. Apparently, there's some evidence in the probation report that they may have involved some sort of a weapon which is certainly inconsistent in the current – in his current sentencing at this time.

> "Nevertheless, he did get released ultimately from prison in 2008 from the bank robberies and there was a violation of probation where he went back for eight months. And in 2011 – and I think our cases begin in 2013 if I'm not mistaken, 2013, 2014, so there's not – there really is not – as pointed out in the prosecution's sentencing statement, there is really no significant period of time wherein he – where he remained crime free such

4.

that I would be able to say that he does not come within the meaning of the three strikes law.

"I think he does come within the meaning of the three strikes law and the intent of the three strikes law which is to impose longer sentences on individuals who commit at least serious or violent crimes at least as to his current status of the three strikes law, so I will not be dismissing any of the prior strike allegations…"

The court sentenced defendant to an aggregate term of 100 years to life, plus 2 years.

## DISCUSSION

### I. The Trial Court did not Abuse its Discretion in Denying Defendant's *Romero* Motion

In exercising its discretion under the "Three Strikes" law, a court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies. [Citation.]" (*In re Large* (2007) 41 Cal.4th 538, 552.) However, career criminals can only be deemed to fall outside the spirit of the Three Strikes law in "extraordinary" circumstances. (*People v. Carmony* (2004) 33 Cal.4th 367, 376 (*Carmony*).)

A trial court's denial of a *Romero* motion is subject to review for abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at p. 375.) The trial court's decision " ' "will not be reversed merely because reasonable people might disagree." ' " (*Id*. at p. 377.) " ' " 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*Ibid.*) In order to establish a reversible abuse of discretion, the defendant must show the "decision is so irrational or arbitrary that no reasonable person could agree with it." (*Ibid.*)

5.

Here, the trial court correctly noted that defendant's history shows he was unable to remain crime-free while out of custody for any "significant period" of time. Defendant is precisely the type of repeat offender the Three Strikes law was designed to impact. Defendant argues there were other factors that worked in his favor, such as: the purportedly nonviolent nature of his past and present crimes, the strike priors being approximately 20 years old, the availability of lesser sentences the court could have imposed, defendant's previous guilty plea and acknowledgments of culpability, his drug abuse, his "untreated ADHD," and his father's mental and physical abuse. But to accept this argument would be to reweigh the competing considerations committed to the trial court's discretion. That is not our role. The trial court considered the relevant information and found defendant's criminal history to be persuasive evidence that he falls within the spirit of the Three Strikes law. Defendant's identification of these countervailing considerations does not establish an abuse of discretion. Moreover, even if it were our role to reweigh the various factors at issue, none of them are so "extraordinary" (*Carmony*, *supra*, 33 Cal.4th at p. 376) as to remove defendant from the spirit of the Three Strikes law.

## II. The Matter Will be Remanded for Recalculation of Post Sentence Custody Credit

The parties agree that the trial court should have recalculated defendant's credits to include post sentence custody credits for the time served between his sentencing and resentencing. (See § 2900.1.) The Attorney General contends the proper remedy is to remand for recalculation of the credits and defendant states he "does not object to such a remand." Accordingly, we will remand with directions to recalculate defendant's custody credits.

## DISPOSITION

The matter is remanded with directions that the trial court recalculate defendant's custody credits, and subsequently prepare an amended abstract of judgment reflecting the

6.

recalculated credits and transmit it to appropriate parties and entities.  In all other respects, the judgment is affirmed.